IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HERBERT L. CAMPBELL, | ) | 4:10CV3054 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DENNIS BAKEWELL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the Petitioner Herbert L. Campbell's ("Campbell") Petition for Writ of Habeas Corpus (the "Petition"). (Filing No. 1.) As set forth below, the Petition is dismissed without prejudice.

## I.   Background

Petitioner has been in the custody of the Nebraska Department of Correctional Services for several felony convictions since May, 2002. (Filing No. 2.) This matter is Petitioner's fourth petition for writ of habeas corpus relating to these convictions.[1] Petitioner filed his first petition on March 28, 2005. (Case No. 4:05CV3081, Filing No. 1.) The court considered the merits of that petition, and dismissed it with prejudice on November 2, 2005. (Case No. 4:05CV3081, Filing Nos. 20 and 21.) On May 1, 2008, Petitioner filed his second petition. (Case No. 4:08CV3092, Filing No. 1.) Because it was a successive petition, on August 18, 2008, the court stayed that petition in order to allow Petitioner to seek authorization from the Eighth Circuit to proceed. (Case No. 4:08CV3092, Filing No. 22.) The Eighth Circuit denied authorization to proceed on the successive petition and the court dismissed the second petition on November 3, 2009. (Case No. 4:08CV3092, Filing Nos. 26 and 27.)

---

[1] It appears that Petitioner filed two earlier habeas corpus petitions, which were dismissed without prejudice because Petitioner failed to first exhaust his state court remedies. (*See* Case Nos. 4:02CV3273 and 4:04CV3226).

Petitioner filed his third petition on July 28, 2009. (Case No. 8:09CV252, Filing No. 1.) Again finding that it was an unauthorized successive petition, the court dismissed Campbell's third petition on February 25, 2010. (Case No. 8:09CV252, Filing Nos. 31 and 32.) Campbell filed the Petition in this matter on March 24, 2010. (Filing No. 1.) The claims raised in the Petition in this matter are similar to those raised in Campbell's third petition. (*Id.*; *see also* Case No. 8:09CV252, Filing No. 1.)

## II. Analysis

Rule 9 governing Section 2254 cases provides that:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

*Id.* Similarly, Section 2244(b)(3)(A) provides that:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id.* The United States Supreme Court established a process for court of appeals' review of successive petitions:

> In AEDPA, Congress established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. *Felker v. Turpin*, 518 U.S. 651, 657 ... (1996); § 2244(b). An individual seeking to file a "second or successive" application must move in the appropriate court of appeals for an order directing the district court to consider his application. § 2244(b)(3)(A). The court of appeals then has 30 days to decide whether to grant the authorization to file. § 2244(b)(3)(D). A court of appeals' decision

2

whether to grant authorization "to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." §2244(b)(3)(E).

*Stewart v. Martinez- Villareal*, 523 U.S. 637, 641 (1998).

In order for a petition to be considered "successive," it must "contest[] the same custody imposed by the same judgment of a state court." *Burton v. Stewart*, 549 U.S. 147 (2007). If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place" and the district court must dismiss the petition. *Id.* However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *see also Stewart*, 523 U.S. at 641. The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. *See Vancleave v. Norris*, 150 F.3d 926, 929 (8th Cir. 1998).

As with his previous petition, Petitioner states that this Petition is brought pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254, and, presumably, should therefore be allowed to proceed. (Filing No. 1.) However, "§ 2254 is the only means by which 'a person in custody pursuant to the judgment of a State court' may raise challenges to the validity of his conviction or sentence or to the execution of his sentence." *Singleton,* 319 F.3d at 1023 (citing *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001)). Based on the record before the court, there is no question that Petitioner is in custody pursuant to a judgment of the State of Nebraska. The Petition therefore arises under 28 U.S.C. § 2254 regardless of the label Petitioner has chosen, and the Petition is subject to the successiveness standards set forth above.

The court has carefully reviewed the record in this matter and in Petitioner's previous three habeas corpus proceedings. Petitioner makes no new argument, nor

does he allege new facts demonstrating his innocence of the underlying offense which could not have been discovered prior to the filing of his first petition. In addition, the previous three petitions raise, in large part, claims and arguments similar to the Petition currently before the court. The Petition is therefore clearly a "successive petition." Petitioner does not assert that he has sought or received permission from the United States Court of Appeals for the Eighth Circuit to file this successive petition, nor is there any indication in the record that Petitioner has done so.

IT IS THEREFORE ORDERED that:

1. Petitioner's Petition for Writ of Habeas Corpus (filing no. 1) is dismissed without prejudice to the reassertion of a subsequent petition upon certification by the Eighth Circuit Court of Appeals.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 28th day of April, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.